James BROWN, Appellee/Cross–Appellant,

v.

SECRETARY OF the ARMY, Appellant/Cross–Appellee.

Nos. 95–5026, 95–5048.

United States Court of Appeals, District of Columbia Circuit.

June 14, 1996.

On Petition for Rehearing.

Roger E. Warin, Shannen W. Coffin, and Joseph M. Sellers, Washington, DC, filed a

petition for rehearing on behalf of appellee James Brown.

Eric H. Holder, Jr., United States Attorney, and R. Craig Lawrence and Daniel F. Van Horn, Assistant United States Attorneys, Washington, DC, filed a response to the petition for rehearing on behalf of appellant Secretary of the Army.

Before: EDWARDS, Chief Judge, GINSBURG and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

In his petition for rehearing, Brown argues that our prior decision in this case, in which we held that the provision of the 1991 Civil Rights Act that waives sovereign immunity from interest on attorney's fees is not to be applied retroactively, *see* 78 F.3d 645 (D.C.Cir.1996), is inconsistent with the Supreme Court's decision in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Brown did not mention this case either in oral argument or in the letter he submitted listing the authorities upon which he had relied; we entertain Brown's present objection, however, because his reliance upon *Irwin* does not present a new (and therefore untimely) argument. Brown invokes *Irwin* merely as additional support for his proposition that the principle of strict construction applies only to the initial question whether the Congress has waived sovereign immunity, after which a court should consult ordinary principles of statutory construction in order to determine the scope of that waiver. We see no conflict between *Irwin* and our decision in this case.

The issue in *Irwin* was whether the doctrine of equitable tolling applies to the statutory filing deadline set out in Title VII for cases against the federal government. Irwin had filed a discrimination complaint with the EEOC, which dismissed the complaint and sent right-to-sue letters to Irwin and to his counsel. The letter to the attorney arrived at his office two weeks before the other copy reached Irwin, but the attorney was out of the country then and did not become aware of the letter until some time later. Irwin filed a complaint in district court 29 days after he had received the letter but 44 days after the letter was received at the attorney's office. The Fifth Circuit held that the 30–day filing limit provided in Title VII begins to run when notice of the EEOC's action is delivered to the office of claimant's counsel or to the claimant, whichever is first, 874 F.2d 1092, 1094 (1989); therefore, Irwin's claim was time-barred. Moreover, the court concluded, the statutory time limit in Title VII operates as an absolute jurisdictional limit, so that Irwin could not invoke equitable tolling to excuse his late filing. *Id.* at 1093, 1095.

The Supreme Court agreed with the Fifth Circuit's conclusion that the statute of limitations begins to run when notice of the EEOC action is delivered to the claimant or the claimant's counsel, whichever is first. With respect to the issue of equitable tolling, the Court observed that a waiver of sovereign immunity "must be strictly construed," 498 U.S. at 94, 111 S.Ct. at 456, but nonetheless held that equitable tolling could be applied in Title VII cases against the federal government:

> Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation.

*Id.* at 95, 111 S.Ct. at 457. The Court ultimately affirmed the judgment of the Fifth Circuit because, on the particular facts of the case, equitable tolling was of no help to Irwin. *Id.* at 96, 111 S.Ct. at 457–58.

Brown argues that under *Irwin*, once we determined that the statute waives sovereign immunity from interest on attorney's fees, we should have resolved the question of retroactivity by applying the usual rules of statutory interpretation. His argument does not account, however, for a significant distinction between the provisions at issue in the instant

case and those at issue in *Irwin*. In the latter case the Supreme Court addressed the question whether the statutory time limit for filing a Title VII claim against the federal government is subject to equitable tolling.

A clause that supplies a statutory time limit is not itself a waiver of sovereign immunity; it is rather a condition subsequent that the Congress may place upon the waiver. In Title VII the condition is that the complaint be filed within thirty days of the date when the plaintiff receives notice of final action taken by the EEOC. *Id.* at 94, 111 S.Ct. at 456–57. The waiver of sovereign immunity in Title VII clearly applied to the conduct and to the parties in *Irwin*; the issue was whether the plaintiff had satisfied the condition subsequent. In this case, the issue is whether the waiver of sovereign immunity for interest applies in the first place. Accordingly, the statutory construction issue here arises in the first step of the inquiry described in *Irwin*—that is, whether the Congress waived sovereign immunity. The Supreme Court's application of the equitable tolling doctrine to the time limit in Title VII is therefore not at all inconsistent with this court's holding that a waiver of sovereign immunity is not to be applied retroactively unless the Congress so states.

Moreover, in *Irwin* the Court pointed out that the application of equitable tolling to the statutory time limit would "amount[ ] to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent...." *Id.* at 95, 111 S.Ct. at 457. Here, in sharp contrast, application of the standard retroactivity analysis is not likely to reflect "a realistic assessment of legislative intent." Recall that the Congress enacted the interest provision in direct response to the Supreme Court's decision in *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) (holding that 42 U.S.C. § 2000e–5(k), making the United States "liable for costs the same as a private person," should not be read to authorize interest on attorney's fees even though such interest was available against a private party). In *Shaw* the Court had reaffirmed the rule of strict construction and indicated that "[t]he no-interest rule provides an added gloss of strictness" upon that rule. 478 U.S. at 318, 106 S.Ct. at 2963. As we explained in our prior opinion, against the background of *Shaw*, in which the Congress was specifically advised that this type of waiver of sovereign immunity would be read narrowly, we see no reason to think that the Congress intended to waive sovereign immunity any more broadly than it provided by the terms of the amendment it enacted.

The petition for rehearing is therefore *Denied.*